1 | ARNOLDO CASILLAS, Esq. SBN 158519
CASILLAS, MORENO & ASSOCIATES
2 | 3500 W. Beverly Blvd.
Montebello, CA 90640
3 | Telephone: 323/725.0917
Facsimile: 323/725.0350
4 | Email: acasillas@mbc4law.com

5

6 | Attorney for Plaintiff,
D.A.B., Minor, by and through his
7 | Guardian Ad Litem, Tiffany Snell

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | D.A.B., a minor, by and through his
Guardian Ad Litem, Tiffany Snell,
13 | individually and as successor in
interest to Rashawn Brown, deceased,

14

15 |              Plaintiffs,

16 |           vs.

17 | COUNTY OF LOS ANGELES;
DOES 1 THROUGH 10,
18 | INCLUSIVE,

19 |             Defendants.

20

| **Case Number:** CV 14-5207 |

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)
2. Unreasonable Search and Seizure – Excessive Force (42. U.S.C. §1983)
3. Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. §1983)
4. Substantive Due Process – (42 U.S.C. §1983)
5. Municipal Liability for Unconstitutional Custom, Practice or Policy – (42 U.S.C. §1983)
6. False Arrest/False Imprisonment
7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)

**DEMAND FOR JURY TRIAL**

21

22

23

24

25 | ////

26 | ////

27 | ////

28

## COMPLAINT FOR DAMAGES

Come now Plaintiffs D.B.A., a minor, by and through his Guardian Ad Litem, Tiffany Snell, individually and as successor in interest to Rawshawn Brown, deceased, and alleges as follows:

### I.

### INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Plaintiff's father Rashawn Brown ("Decedent"), on May 23, 2013.

2. Defendants DOES 1-5 ("DOE DEPUTIES") proximately caused Decedent's and Plaintiff's injuries by firing the shots that killed Decedent by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/or omissions around the time of the shooting that resulted in his death. Defendants DOE DEPUTIES are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. §1983.

3. Defendants COUNTY OF LOS ANGELES ("COUNTY") and DOES 6-10 also proximately caused Decedent's and Plaintiff's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

4. The policies and customs behind the shootings of civilians such as Rawshawn Brown are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiff herein seeks by means of this civil rights action to hold accountable those responsible for the killing of Rawshawn Brown and to challenge the COUNTY'S unconstitutional policies and practices, this civil rights action is firmly in the public interest.

////

2

## II.

## PARTIES

5. At all relevant times, Rawshawn Brown ("decedent") was an individual residing in the County of Los Angeles, California.

6. Plaintiff D.A.B. is a minor, and is decedent's natural child and successor in interest pursuant to California Code of Civil Procedure § 377.32. Tiffany Snell is the natural mother and guardian ad litem of the minor. D.B.A. and Tiffany Snell reside in the County of Los Angeles.

7. Defendant COUNTY OF LOS ANGELES, hereafter "COUNTY," is a municipal corporation under the laws of the State of California, with the capacity to sue and be sued.   Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.  The Los Angeles County Sheriff's Department ("LASD") is a subdivision of the County of Los Angeles.

8. Defendant DOE DEPUTIES are Sheriff's deputies working for the LASD. Defendant DOE DEPUTIES shot and killed Rawshawn Brown.   At all times relevant hereto, said defendants were acting in the course and scope of their employment as a Sheriff's deputy with the LASD.  Likewise, at all times relevant, said defendants were acting under the color of law; i.e., under the authority of the statutes and regulations of the State of California and the County of Los Angeles, and with the complete authority and ratification of their principal, Defendant COUNTY.  At all times relevant hereto, they were also acting on the implied and actual permission and consent of COUNTY.

9. Defendants 6-8 are supervisorial officers for the LASD who were acting under color of law within the course and scope of their duties as sheriff's deputies for the LASD.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

////

3

10.    Defendants 9-10 are managerial, supervisorial, and policymaking employees of the Los Angeles Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LASD.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11.    On information and belief, DOES 1-10 were residents of the County of Los Angeles.

12.    The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13.    Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff and Rawshawn Brown's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that

4

information is ascertained.  Each of Defendants is the agent of the other.

## III.

## JURISDICTION AND VENUE

14.  This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and the California Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.  Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

16.  Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

## IV.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.  Plaintiff repeats and re-alleges each and every allegation, made above, with the same force and effect as if fully set forth herein.

18.  Rashawn Brown was 28 years old at the time of his death.  He sustained injuries, including but not limited to pain and suffering, loss of enjoyment of life, and death when he was shot by DOE DEPUTIES, on-duty sheriff's deputies for the LASD who were acting under color of law and as employees of the LASD, Defendants DOES 1-10, inclusive, integrally participated in or failed to intervene in the shooting.

19.  On May 23, 2013, at approximately 7:30 p.m., Defendant DOE DEPUTIES observed Decedent driving away from the intersection of North Bradfield and San Luis Street, in the City of Compton and Count of Los Angeles. DOE DEPUTIES pursued Decedent's vehicle in at least one marked patrol

vehicle until the street reached a dead end.  Decedent exited his vehicle and DOE DEPUTIES pursued Decedent on foot.  As Decedent was running away, DOE DEPUTIES shot Decedent multiple times in the back.

20.   Upon information and belief, after being shot, Decedent was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat Decedent.  The delay of medical care to Decedent caused Decedent extreme physical and emotional pain and suffering, and was a contributing cause of Decedent's death.

21.   The use of deadly force against Decedent was excessive and objectively unreasonable under the circumstances, especially because Decedent did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

22.   Plaintiff D.A.B. was dependent on Decedent, including financially dependent.

23.   Plaintiff D.A.B. is Decedent's successor in interest as defined by Section 377.1 of the California Code of Civil Procedure and succeed to Decedent's interest in this action as the biological child of Decedent.

**V.**

**FIRST COUNT/CAUSE OF ACTION**

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)**

(Against Defendants DOE DEPUTIES)

24.   Plaintiff repeats and realleges each and every allegation above as though fully set forth herein.

25.   When Defendants DOE DEPUTIES shot Decedent in the back and placed him in handcuffs, they violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied

1    to state actors b the Fourteenth Amendment.

2  26.   Defendants DOE DEPUTIES detained Decedent without reasonable
3        suspicion and arrested him without probable cause.

4  27.   The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious,
5        and done with reckless disregard for the rights and safety of Decedent and
6        therefore warrants the imposition of exemplary and punitive damages to
7        Defendants DOE DEPUTIES.

8  28.   As a result of their misconduct, Defendants DOE DEPUTIES are liable for
9        Decedent's injuries, either because they were integral participants in the
10       wrongful detention and arrest, or because they failed to intervene to prevent
11       these violations.

12 29.   D.A.B. brings this claim in each case as successor-in-interest to the
13       Decedent, and in each case seek both survival and wrongful death damages
14       for the violation of Decedent's rights.

15 30.   Plaintiff also seeks attorney fees under this claim.

16                                    **VI.**

17                    **SECOND COUNT/CAUSE OF ACTION**

18              **Violation of Constitutional Right to Be Free from**

19                    **Unreasonable and Excessive Force**

20                    (Against Defendants DOE DEPUTIES)

21 31.   Plaintiff repeats and realleges each and every allegation above as though
22       fully set forth herein.

23 32.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourth
24       Amendment of the United States Constitution.

25 33.   On or before and on May 23, 2013, Rashawn Brown possessed the right,
26       guaranteed by the Fourth and Fourteenth Amendments of the United States
27       Constitution, to be free from unreasonable seizures and excessive force by
28       Sheriffs deputies acting under the color of law.

7

34. Defendants DOE DEPUTIES, without just and legal cause, drew their service firearms and fired shots at Rashawn Brown, thereby striking him and, resulting in severe injuries to him causing him permanent injury, severe physical pain, severe psychological trauma, and his eventual death, and thereby violated his rights under the laws and Constitution of the United States, in particular the Fourth Amendment of the United States Constitution.

35. At the time of the shooting Rashawn Brown was not engaged in any assaultive behavior toward the defendant deputies or any other person or persons.

36. The shooting by said defendant was entirely not justified by any actions of Rashawn Brown and the shooting of Rashawn Brown constituted an unreasonable and excessive use of force.

37. Defendants DOE DEPUTIES acted specifically with the intent to deprive Rashawn Brown of his rights under the Fourth and Fourteenth Amendments of the Constitution.

38. Said defendants subjected Rashawn Brown to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights.

39. Said defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of the LOS ANGELES COUNTY Sheriff's department would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

40. The aforementioned acts of DOE DEPUTIES, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

////

8

41.   Plaintiff claims funeral and burial expenses and a loss of financial support. Plaintiff also seeks attorney fees under this claim.

## VII.

## THIRD COUNT/CAUSE OF ACTION

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. §1983)**

(Against Defendants DOE DEPUTIES)

42.   Plaintiff repeats and realleges each and every allegation above as though fully set forth herein.

43.   The denial of medical care by Defendants DOE DEPUTIES deprived Decedent of this right to be secure of his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.   As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.  Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

45.   Defendants DOE DEPUTIES knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

46.   The conduct of DOE DEPUTIES was willful, wanton, malicious, and done wth reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

////

47. As a result of their misconduct, Defendants DOE DEPUTIES are liable for Decedent's injuries, either because they are integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

48. Plaintiff D.A.B. brings this claim as a successor-in-interest to Decedent and seeks both survival and wrongful death damages for the violation of Decedent's rights.

49. Plaintiff also seeks attorney fees under this claim.

### VIII.

### FOURTH COUNT/CAUSE OF ACTION

### Substantive Due Process (42 U.S.C. § 1983)

(Against DOE DEPUTIES)

50. Plaintiff repeats and re-alleges each and every allegation in each paragraph of this Complaint with the same force and effect as if fully set forth herein.

51. Plaintiff, the child of Rashawn Brown, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution in being free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference with Plaintiff's right to a familial relationship with their natural father, Rashawn Brown.

52. Defendants DOE DEPUTIES, acting under color of state law, wrongfully shot and killed Rashawn Brown and thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with their familial relationship with Rashawn Brown.

53. The aforementioned actions of Defendants DOE DEPUTIES, along with other undiscovered conduct, shocks the conscience, in that they acted with deliberate indifference to the constitutional rights of Rashawn Brown and Plaintiffs, and with purpose to harm unrelated to any legitimate law

enforcement objective.

54. As a direct and proximate cause of the acts of Defendants DOE DEPUTIES, inclusive, Rashawn Brown was wrongfully killed and as a result his children, the present plaintiff, suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Rashawn Brown, and will continue to be so deprived for the remainder of his natural life.  Plaintiff also lost the financial support provided to him by his father, Rashawn Brown.

55. The conduct of Defendants DOE DEPUTIES, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Rashawn Brown and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to defendants DOE DEPUTIES.

56. Plaintiff also seeks attorney fees under this claim.

## IX.

### FIFTH COUNT/CAUSE OF ACTION

### Municipal Liability for Violation Of Constitutional Rights

(As to Defendant County of Los Angeles and DOES 6-10)

57. Plaintiff repeats and realleges each and every of the foregoing allegations above as though fully set forth herein.

58. On or about May 23, 2013, Defendants DOE DEPUTIES acting within the course and scope of their duties as deputies, employees, and representatives of the COUNTY OF LOS ANGELES and the LASD, deprived Rashawn Brown of his right to be free from unreasonable seizure and excessive force, when said defendants unreasonably and without justification shot and killed Rashawn Brown as delineated in the above causes of action.

59. At the time of the shooting of by said defendants, defendants COUNTY OF LOS ANGELES and DOES 6 through 10 had in place, and had ratified

customs and practices which permitted and encouraged their Sheriffs deputies while on duty to unjustifiably, unreasonably and in violation of the Fourth Amendment, shoot persons without cause. This custom and practice has its genesis in the training that Sheriff's deputies are provided with serving their mandatory stint in the Sheriff's Department jails. While in this assignment, LASD deputies are taught and exposed to the flagrant use of excessive force against inmates and they quickly learn that such misconduct is tolerated and covered up by LASD supervisors. This has been proven recently when a large number of LASD deputies were arrested by federal authorities for such misconduct.

60. Said customs and practices also called for defendants COUNTY OF LOS ANGELES and DOES 6 through 10 not to discipline, prosecute or in any way deal with or respond to known incidents, complaints, of wrongful shootings by said deputies of the COUNTY OF LOS ANGELES Sheriffs Department, or the related claims and lawsuits made as a result of such shootings.

61. Said customs and practices called for the refusal of defendants COUNTY OF LOS ANGELES and DOES 6 through 10, and their agents, employees and representatives, including the supervising officers of the LOS ANGELES Sheriffs Department, to investigate complaints of previous incidents of wrongful shootings as other allegations of excessive force made against on-duty deputies and, instead, officially claim that such incidents were justified and proper.

62. Said customs and practices called for defendants COUNTY OF LOS ANGELES and DOES 6 through 10 by means of inaction and coverup, to encourage said deputies of the LOS ANGELES Sheriffs DEPARTMENT to believe that improper shooting of persons while on duty was permissible.

////

12

63. Said policies, procedures, customs and practices of defendants COUNTY OF LOS ANGELES and DOES 6 through 10 evidenced a deliberate indifference to the violations of the constitutional rights of Rashawn Brown. This indifference was manifested by the failure to change, correct, revoke, or rescind said customs and practices in light of prior knowledge by defendants and their policymakers of indistinguishably similar incidents of unjustified and unreasonable Sheriffs shootings by deputies.

64. Other systemic deficiencies which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the deputies of the LOS ANGELES Sheriffs Department include;

    a.     preparation of investigative reports designed to vindicate the use of firearms, regardless of whether such use was justified,

    b.     preparation of investigative reports which uncritically rely solely on the word of Sheriffs deputies involved in the shooting incidents and which systematically fail to credit testimony by non-Sheriffs witnesses,

    c.     preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the deputies involved,

    d.     failure to review investigative reports by responsible superior deputies for accuracy or completeness and by the acceptance of conclusions which are unwarranted by the evidence of the shooting or which contradict such evidence; and,

    e.     encouraging, accommodating, or facilitating a "code of silence" among LASD deputies and supervisors, pursuant to which false reports were generated and excessive and unreasonable force was covered up.

////

13

65.   Said customs and practices of the present defendants evidenced a deliberate indifference to the rights of the present plaintiff by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices, and tactic and weapons training in light of prior knowledge by said defendants of indistinguishably similar incidents of contact with persons resulting in serious bodily injury to such persons.

66.   The foregoing acts, omissions, and systemic deficiencies are customs and practices of said defendants and such caused DOE DEPUTIES to be unaware of the rules and laws governing permissible use of firearms while on duty and off duty and to believe that firearms discharges are entirely within the discretion of the deputies and that improper discharges would not be honestly and properly investigated, all with the foreseeable result that defendants' deputies would use deadly force in situations where such force is neither necessary, reasonable nor legal, thereby violating the civil rights of the citizens of this state.

67.   As a result of the aforementioned acts, omissions, systematic deficiencies, customs and practices of defendants COUNTY OF LOS ANGELES and DOES 6 through 10 and their Sheriffs Department, DOE DEPUTIES, shot Rashawn Brown without justification and in violation of his civil rights.

68.   As a direct and proximate result of the aforementioned customs and practices of defendant defendants COUNTY OF LOS ANGELES and DOES 6 through 10, Rashawn Brown suffered gunshot wounds to his body which caused serious and permanent injuries to his body, and which eventually deprived him of his life.

69.   Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

70.   Plaintiff seeks both wrongful death damages and survival damages under this claim.

14

71.  Plaintiff also seeks attorney fees under this claim.

## X.

## SIXTH COUNT/CAUSE OF ACTION

### False Arrest/False Imprisonment

(Against All Defendants)

72.  Plaintiff repeats and realleges each and every of the foregoing allegations above as though fully set forth herein.

73.  Defendants DOE DEPUTIES, while working as sheriff's deputies for the LASD and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats or force, menace, fraud, deceit, and unreasonable duress.  DOE DEPUTIES detained Decedent without reasonable suspicion and arrested him wthout probable cause.

74.  Decedent did not knowingly or voluntarily consent.

75.  The conduct of DOE DEPUTIES was a substantial factor in causing the harm to Decedent.

76.  Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment of the employee's act would subject him or her to liability.

77.  The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiff to an award of exemplary and punitive damages.

78.  As a result of their misconduct, Defendants DOE DEPUTIES are liable for Decedent's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

15

79. Plaintiff D.A.B. brings this claim in each case as a successor-in-interest to Decedent, and seeks both survival and wrongful death damages for the violation of Decedent's rights.

80. Plaintiff also seeks attorney fees under this claim.

## XI.

## SEVENTH COUNT/CAUSE OF ACTION

### Battery - Wrongful Death

[As to DOE DEPUTIES, and Defendant County of Los Angeles)

81. Plaintiff repeats and realleges each and every of the foregoing allegations above as though fully set forth herein.

82. Plaintiff is the legal heir and successor in interest of Rashawn Brown, deceased, and the present action is brought by them as the legal heir and successor in interest of Rashawn Brown as permitted by Sections 377.30 et seq. of the California Code of Civil Procedure.

83. At that time and place herein above alleged, DOE DEPUTIES, without just and legal cause, drew their service firearms and fired them at the present Rashawn Brown, striking him in the body and killing him.

84. Said harmful and offensive contact, i.e., the shooting, was intentionally committed by said defendant and was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

85. As a proximate result of the acts of said defendants, Rashawn Brown was killed.

86. The conduct of DOE DEPUTIES, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Rashawn Brown and therefore warrants the imposition of exemplary and punitive damages as to defendants DOE DEPUTIES.

////

16

87. Plaintiff D.A.B. brings this claim as successor-in-interest to Decedent, and seeks both survival and wrongful death damages for the violation of Decedent's rights.

88. Plaintiff claims funeral and burial expenses and a loss of financial support. Plaintiff also seeks attorney fees under this claim.

## XII.

## EIGHTH COUNT/CAUSE OF ACTIONN

## NEGLIGENCE -WRONGFUL DEATH

### (As to All Defendants)

89. Plaintiff repeats and realleges each and every of the foregoing allegations above as though fully set forth herein.

90. Defendants DOE DEPUTIES,while working as deputies of the Los Angeles County Sheriff's Department, and acting within the course and scope of their duties, intentionally and/or without due care shot and killed Rashawn Brown. As a result, Rashawn Brown suffered serious injuries, and ultimately died. Said defendants had no legal justification for this shooting, and said defendants' use of force against Rashawn Brown was an unreasonable use of force.

91. As a direct and proximate result of said defendants' conduct as alleged above, Rashawn Brown died.  Plaintiff has been deprived of the life-long comfort, support, society and care of Rashawn Brown, and will continue to be so deprived for the remainder of their natural lives.  Plaintiff also was forced to pay funeral and burial expenses as a result of the conduct of the deputy defendants.

92. Defendant County of Los Angeles is vicariously liable for the wrongful acts of the deputy defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the

17

employee's act would subject him or her to liability.

93.   Defendant DOE DEPUTIES' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Rashawn Brown, entitling plaintiff, individually and as successor-in-interest to Rashawn Brown, decedent, to an award of exemplary and punitive damages as to the shooting deputies.

94.   Defendant COUNTY OF LOS ANGELES is directly liable and responsible for the acts of the defendant deputies because defendant COUNTY OF LOS ANGELES and its Sheriff's Department repeatedly and knowingly and negligently failed to enforce the laws of the State of California and the regulations of said defendant COUNTY OF LOS ANGELES and its Sheriffs Department thereby creating within the Los Angeles Sheriffs department an atmosphere of lawlessness in which LOS ANGELES Sheriffs deputies employ excessive and illegal force and violence including deadly force, in the belief that such acts will be condoned and justified by their supervisors, and said defendant COUNTY OF LOS ANGELES therefore was or should have been aware of such unlawful acts and practices prior to and at the time of the shooting of Rashawn Brown.

95.   As a proximate result of the acts and omissions of all these defendants, and each of them, Rashawn Brown was shot and killed as alleged herein above.

96.   Defendants DOE DEPUTIES received inadequate training from the Los Angeles County Sheriff's Department in the proper use of firearms and tactics.  As a direct and proximate result of this failure to provide adequate firearms and tactics training to said deputy defendants, the shooting of Rashawn Brown occurred, causing the present plaintiff the losses and injuries herein complained of.

97.   At no time, either prior to the employment of said deputy defendants, or to their assignment to duties whereby it was foreseeable that said defendant

18

would be required to use his firearms, did defendant COUNTY OF LOS ANGELES take reasonable steps to ascertain whether said deputies were psychologically capable of performing such Sheriffs duties and did not have propensity toward violence or toward over-reaction to situations they were likely to encounter, or to administer standard tests to ascertain whether the personality of said defendant was consistent with the duties to be performed. As a direct and proximate result of this failure to use due caution and care in the selection, training, and retention of defendant deputies, the shooting of Rashawn Brown occurred, causing the present plaintiffs the losses and injuries herein complained of herein.

98.   The COUNTY OF LOS ANGELES also negligently hired and retained said deputy defendants and those Sheriffs investigators who participated in the investigation of said shooting, when it was known or should have been known by the COUNTY OF LOS ANGELES that these deputies had on prior occasions used excessive force and that these defendant deputies and the investigators involved had participated in the concealment and cover-up of misconduct on prior occasions.

99.   At the time of the shooting of Rashawn Brown by said deputy defendants, defendants COUNTY OF LOS ANGELES and DOES 6 through 10 negligently and carelessly had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their Sheriffs deputies while on duty and while off duty to shoot persons unjustifiably, unreasonably and in violation of their civil rights.

100.  Said policies, procedures, customs and practices also called for defendants COUNTY OF LOS ANGELES and DOES 6 through 10 not to discipline, prosecute or in any way deal with or respond to known incidents, complaints, of wrongful shootings by said deputies of the COUNTY OF LOS ANGELES

19

Sheriffs Department, or the related claims and lawsuits made as a result of such shootings.

101. Said policies, procedures, customs and practices called for the refusal of defendants COUNTY OF LOS ANGELES and DOES 6 through 10, and their agents, employees and representatives, including the supervising officers of the LOS ANGELES Sheriffs Department, to investigate complaints of previous incidents of wrongful shootings as other allegations of excessive force made against on-duty deputies and, instead, officially claim that such incidents were justified and proper.

102. Said policies, procedures, customs and practices called for defendants COUNTY OF LOS ANGELES and DOES 6 through 10 by means of inaction and coverup, to encourage said deputies of the LOS ANGELES SHERIFF'S DEPARTMENT to believe that improper shooting of persons while on duty or off-duty was permissible.

103. Said defendants negligently and carelessly maintained an inadequate system of firearms discharges which failed to identify instances of improper use of firearms, as well as defendants' failure to more closely supervise or retrain deputies who in fact improperly used such weapons by on-duty and off-duty deputies.

104. Other systemic deficiencies which indicated, and continue to indicate, a careless disregard by defendants COUNTY OF LOS ANGELES and DOES 6 through 10 to the violations of the civil rights by the deputies of the LOS ANGELES Sheriffs Department include;

    a.    preparation of investigative reports designed to vindicate the use of firearms, regardless of whether such use was justified,

    b.    preparation of investigative reports which uncritically rely solely on the word of Sheriffs deputies involved in the shooting incidents and which

20

systematically fail to credit testimony by non-Sheriffs witnesses,

c.      preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the deputies involved,

d.      issuance of public statements exonerating deputies involved in such incidents prior to the completion of investigations of the shootings, and

e.      failure to review investigative reports by responsible superior deputies for accuracy or completeness and by the acceptance of conclusions which are unwarranted by the evidence of the shooting or which contradict such evidence.

105.  Said negligent policies, procedures, customs and practices of defendants COUNTY OF LOS ANGELES and DOES 6 through 10 evidenced a deliberate indifference to the unnecessary shooting of persons such as Rashawn Brown by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices, and tactic and weapons training in light of prior knowledge by said defendants of indistinguishably similar incidents of contact with persons who are mentally or emotionally unstable, emotionally distraught and otherwise psychologically incapacitated where tactics and firearms use caused death or serious bodily injury to such persons.

106.  The foregoing acts, omissions, and systemic deficiencies are policies and customs  of said defendants and such caused the defendant deputies to be unaware of the rules and laws governing permissible use of firearms while on duty and off duty and to believe that firearms discharges are entirely within the discretion of the officer and that improper discharges would not be honestly and properly investigated, all with the foreseeable result that defendants' deputies would use deadly force in situations where such force is

neither necessary, reasonable nor legal, thereby violating the civil rights of the citizens of this state.

107.  As a result of the aforementioned negligent and intentional acts, omissions, systematic deficiencies, policies, procedures, customs and practices of defendants COUNTY OF LOS ANGELES and DOES 6 through 10 and their Sheriffs Department, the present defendant deputies, shot decedent Rashawn Brown without justification, thereby killing him.

108.  As a further result of the aforementioned negligent and intentional acts, omissions, systematic deficiencies, policies, procedures, customs and practices of defendants COUNTY OF LOS ANGELES, and Defendants DOE DEPUTIES and DOES 6 through 10 the present plaintiff has lost the love, affection, society and support of Rashawn Brown.

## XIII.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants as follows:

A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.  For loss of financial support;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For pre-judgement interest;

////
////
////
////

22

E.   For reasonable costs of this suit and attorneys' fees, including pursuant
     to 42 U.S.C. § 1988; and;

F.   For such further other relief as the Court may deem just, proper, and
     appropriate.

Respectfully Submitted,

Dated: July 2, 2014                    CASILLAS, MORENO & ASSOCIATES

                                       By _____
                                          ARNOLDO CASILLAS
                                       ATTORNEY FOR PLAINTIFF
                                       D.A.B,  by and through his Guardian ad Litem
                                       TIFFANY SNELL

23

1

## DEMAND FOR JURY TRIAL

2          Comes now Plaintiff D.A.B., a minor, by and through his Guardian Ad

3   Litem, Tiffany Snell, and hereby demands a trial by jury.

4

5   Respectfully Submitted,

6

7   Dated: July 2, 2014                    CASILLAS, MORENO & ASSOCIATES

8                                          By _____

9                                             ARNOLDO CASILLAS
                                              ATTORNEY FOR PLAINTIFF
10                                            D.A.B., by and through his Guardian ad Litem
                                              TIFFANY SNELL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24